JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8124 PA (PLAx) | Date | November 5, 2013 |
|---|---|---|---|
| Title | East End Properties, Inc. v. Shonta Jones, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Darlene Ross ("Ross") on November 4, 2013. Ross is attempting to remove an action commenced by plaintiff East End Properties, Inc. ("Plaintiff") in Los Angeles Superior Court on June 18, 2013. Plaintiff's Complaint asserts a single cause of action for unlawful detainer. Ross alleges that this Court has subject matter jurisdiction on the basis the Court's bankruptcy removal jurisdiction for claims related to bankruptcy cases. 28 U.S.C. § 1452(a).

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. Section 1334(b) invests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). An order remanding an action pursuant to § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] of by the Supreme Court." Id. Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes. . . . At bottom, the question is committed to the sound discretion of the . . . judge." McCarthy v. Prince, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

In assessing whether "equitable grounds" exist to remand actions removed under § 1452, courts have looked to a number of factors:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8124 PA (PLAx) | Date | November 5, 2013 |
|---|---|---|---|
| Title | East End Properties, Inc. v. Shonta Jones, et al. | | |

These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

In re TIG Ins. Co., 264 B.R. 661, 665-66 (Bankr. S.D. Cal. 2001); see also McCarthy, 230 B.R. at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law.").

  Here, Ross is not even a named defendant in the unlawful detainer proceeding initiated by Plaintiff and the Notice of Removal does not adequately explain either her connection to the action or how this action arises under or is related to a pending bankruptcy proceeding. A bare allegation of jurisdiction, without more, in insufficient to defeat the "strong presumption" against removal. Gaus, 980 F.2d at 567. Moreover, bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint. See, e.g., Tishau Partners v. Miles, 2010 U.S. Dist. LEXIS 37948, at *3 (N.D. Cal. Mar. 24, 2010); Yangming Marine Transport Corp. v. Electri-Flex Co., 682 F. Supp. 368, 370 (N.D. Ill. 1987). Here, there is nothing from the face of Plaintiff's unlawful detainer Complaint to confer bankruptcy removal jurisdiction under 28 U.S.C. § 1452(a), and thus removal on this ground was improper. Moreover, this unlawful detainer proceeding is entirely a creature of state law over which the state courts are competent to preside in the interests of judicial economy, comity, and respect for state law decision-making.

  The Court also notes that Shonta Jones, the named defendant in the unlawful detainer action, already attempted to remove this unlawful detainer proceeding with a nearly identical notice of removal filed on July 24, 2013. That Notice of Removal has already been determined to insufficiently allege a basis for this Court's subject matter jurisdiction and the matter was remanded on October 31, 2013. See Case No. CV 13-5338 BRO (JCGx) (Docket No. 10). In remanding that attempt to remove the same unlawful detainer proceeding, the District Judge assigned to that action warned Shonta Jones that "any subsequent attempts to remove the underlying state unlawful detainer action will be improper and may result in the Court taking punitive remedial measures, which may include ordering Defendant to appear in person and show cause why she should not be monetarily sanctioned or designated as a vexatious litigant." Id. In the present Notice of Removal, Ross did not identify Case No. CV 13-5338 BRO (JCGx) as a related case as required by the Local Rules. Additionally, the Notice of Removal filed by Ross does not allege when she was served with the Complaint. As a result, Ross has failed to meet her burden to establish that the filing of the Notice of Removal was timely. See 28 U.S.C. § 1446(b) (requiring a Notice of Removal to be filed within 30 days after service).

  Ross has failed to establish that this action was properly removed pursuant to 28 U.S.C. § 1452(a) or that there is any other valid basis for this Court's exercise of jurisdiction over this matter.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8124 PA (PLAx) | Date | November 5, 2013 |
|---|---|---|---|
| Title | East End Properties, Inc. v. Shonta Jones, et al. | | |

Moreover, the fact that Ross is not a named party in this action and that the named defendant has already failed in her attempt to remove this action supports an equitable remand of this action under § 1452(b). For all of the foregoing reasons, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 13RO4389. See 28 U.S.C. §§ 1447(c) & 1452(b).

    IT IS SO ORDERED.